IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATTY C. WILSON, INDIVIDUALLY | : | CIVIL ACTION |
| AND AS ADMINISTRATOR OF THE | : | |
| ESTATE OF JERRY WILSON, | : | |
| DECEASED, | : | |
| | : | |
| v. | : | |
| | : | |
| TA OPERATING, LLC, et al. | : | NO. 13-1093 |

## MEMORANDUM / ORDER

**AND NOW**, this 19th day of March, 2014, in consideration of Defendants' motions to transfer venue (ECF Nos. 73, 77), it is hereby **ORDERED** that the motions are **GRANTED**. Pursuant to 28 U.S.C. § 1404 and § 1406 this matter is **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania. The motion is granted for the following reasons:

1. Jerry Wilson was a truck driver hired by Moore Freight to haul glass. Second Amended Complaint ("SAC") ¶ 19. Moore Freight supplied Wilson a truck for this purpose. *Id.* On October 17, 2011 at 1:45 PM, Wilson brought his truck into a repair shop in Lamar, Pennsylvania, and advised "that his rear trailer brakes were causing smoke at or near the tire and/or not working properly." *Id.* ¶¶ 27-28. The brakes were repaired at the shop by Treston Harris. *Id.* ¶ 29. The repairs were unsuccessful, and after driving only two miles from the repair shop the braking system "started smoking and/or caught on fire." *Id.* ¶ 30. Wilson "pulled to the side of the road" and "got out of his vehicle." *Id.* And while responding to the situation, Wilson's "heart stopped beating and he died." *Id.*

2. Through a Complaint, a First Amended Complaint and a Second Amended Complaint, Wilson's wife, Patty, brought suit individually and on behalf of her husband's estate,

1

alleging negligence and recklessness against Moore Freight, Harris, the corporate owner of the service center, and various manufacturers of parts that she believes contributed to the malfunctioning brakes. Ms. Wilson is a resident of North Carolina. *Id.* ¶ 1.

3. Although I have jurisdiction pursuant to 28 U.S.C. § 1332, no facts giving rise to the claim occurred in this district. Instead, the facts giving rise to the claim occurred almost exclusively in and around Lamar, Pennsylvania. Lamar is in the Middle District of Pennsylvania and approximately 200 miles from this courthouse. Accordingly, on February 14, 2014, Mr. Harris filed the instant motion, seeking transfer pursuant to 28 U.S.C. § 1404(a). All Defendants then joined him in that motion.

4. "In federal court, venue questions are governed either by 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). When the original venue was proper, as the parties concede for the purposes of this motion, § 1404 controls a court's analysis.[1] *Id.* In such situations, a defendant "must show that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice." *Synthes, Inc. v. Knapp*, --- F. Supp. 2d. ----, No. 13-3285, 2013 WL 5594706, *4 (E.D. Pa. Oct. 11, 2013).

---

[1] While the parties agree for the purposes of this motion that the Eastern District is an appropriate forum, this is only to the extent that Defendants waived their challenge of venue by not raising it in their first response. In fact, venue was always inappropriate in the Eastern District. See 28 U.S.C. § 1391(a) (venue in diversity action proper where (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, **if there is no district in which the action may otherwise be brought**.) (emphasis added). The Amended Complaint notes that venue is proper because "the motor vehicle incident and death occurred in this District." SAC ¶ 18. It is now clear that this allegation is inaccurate, that the Middle District is an appropriate venue pursuant to § 1391(b)(2), and thus, that the plaintiff may not avail herself of §1391(b)(3). Accordingly, regardless of this Court's §1404 analysis, I transfer this action "in the interest of justice" pursuant to 28 U.S.C. § 1406.

5. This matter could have been brought in the Middle District of Pennsylvania, where all of the events "giving rising to the claim occurred." 28 U.S.C § 1391. Accordingly, I will evaluate whether the transfer would be more convenient for the parties and witnesses, and will be in the interest of justice.

6. The Court of Appeals has provided a number of factors that should be considered in motions to transfer:

> (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as demonstrated by relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and (9) public interest factors, such as congestion of court dockets and the relationship of the jury and the community.

*Synthes*, 2013 WL 5594706 at *5 (citing *Jumara*, 55 F. 3d at 879-80).

7. Plaintiff has chosen this forum, and "such a choice should not be lightly disturbed." *Jumara*, 55 F.3d at 879. "However, when the plaintiff does not live or work in this jurisdiction, the significance of this preference is minimized." *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000) (citations omitted). Ms. Wilson lives in North Carolina, which is approximately equidistant from the Eastern and Middle Districts of Pennsylvania. Moreover, her preference is also given less weight when "none of the operative facts occurred" in her chosen forum. *McMillan v. Weeks Marine, Inc.*, No. 02-6741, 2002 WL 32107617, *1 (E.D. Pa. Dec. 2, 2002). All of the operative facts giving rise to this claim occurred in the Middle District.

8. In fact, the apparent reason Plaintiff filed here was that her counsel resides in the Eastern District, which "is not a factor to be considered" in evaluating a motion to transfer. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973); *see also Lindley*, 93 F. Supp. 2d at 617 ("While the plaintiff's attorney is located in Philadelphia, this fact alone is not relevant in ruling on a motion for transfer of venue."); *McMillan*, No. 02-6741, 2002 WL

32107617, at *2 (holding that plaintiff counsel's location in Philadelphia is not relevant for venue purposes). Accordingly, although Wilson's choice of forum is a factor in my decision, her lack of connection to this district and this district's lack of connection to events leading to her claim lessen the importance of her preference. Conversely, at least five factors favor transferring this action to the Middle District.

9. First, as might be expected in a motion to transfer, each defendant prefers transferring the action to the Middle District. *See Jumara*, 55 F.3d at 879. While their preference is afforded "considerably less weight than Plaintiff's," *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005), it is still a factor I must consider.

10. Second, and more importantly, the entire claim arose in the Middle District. *See Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 198 (E.D. Pa. 2008) ("Typically the most appropriate venue is governed by . . . where a majority of events giving rise to the claim arose.") (citation omitted). As other courts have noted, "[w]hen the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." *Cancer Genetics, Inc. v. Kreatech Biotechnology*, No. 07-273, 2007 WL 4365328, *5 (D.N.J. Dec. 11, 2007); *see also Coppola* 250 F.R.D. at 198.

11. Third, "the convenience of the parties as demonstrated by relative financial status and physical location" slightly favors transfer. *Jumara*, 55 F.3d at 879. The initial moving defendant, Harris, is a resident of the Middle District and he would prefer the case be transferred there, and it would be less of a burden for him to attend trial there. Conversely, Plaintiff is a

resident of North Carolina, and will have to travel significant distance and expend resources regardless of whether this action is in the Middle or Eastern District.[2]

12. Fourth, for many of the same reasons as above, "practical considerations that could make the trial easy, expeditious or inexpensive" also favor transferring this matter. *Schoonmaker v. Highmark Blue Cross Blue Shield*, No. 09-703, 2009 WL 3540785, at *4 (E.D. Pa. Oct. 30, 2009). It will easier for a judge to conduct a trial in the same forum where virtually all the fact witnesses reside, and more inexpensive for at least one defendant and multiple witnesses, while not significantly impacting Ms. Wilson, who will have to travel a considerable distance regardless of whether the action is in the Middle or Eastern District.

13. Fifth, public interest factors favor transferring the matter. While the Middle District and Eastern District are similarly able to evaluate Pennsylvania tort law, there is a "local interest in deciding local controversies at home," *Jumara*, 55 F.3d at 879; *see also Synthes,* 2013 WL 5594706 at *5 (noting consideration of "the relationship of the jury and the community"); *Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp. 2d 556, 576 (D.N.J. 2000) ("The burden of jury duty ought not to be imposed upon the people of a community which have no relation to the

---

[2] The relative convenience of the witnesses would also support transferring the actions if it were better supported by evidence. Defense counsel has identified eighteen different fact witnesses with some knowledge of the events giving rise to this claim, each of whom could eventually be asked to testify at trial. All eighteen appear to reside and work in the Middle District, approximately 200 miles from this courthouse. To the extent these witnesses – most of whom are ambulance drivers, volunteer firefighters and mechanics and appear to have jobs that pay modest salaries – would incur "substantial expense" to attend trial in Philadelphia, they would become unavailable to testify at trial. *See Jumara*, 55 F.3d at 879. However, because Defendants have not demonstrated this conclusively, through affidavit or other means, this factor will not be considered in the decision to transfer. *See Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012) (noting that burden is on movant to demonstrate, rather than simply speculate, that witnesses would incur significant expense); *Lempke v. Gen. Elec., Co.*, No. 10-5380, 2011 WL 3739499,*5-6 (E.D. Pa. Aug. 25, 2011) (examining affidavits of witnesses in motion to transfer). The Court notes that at argument movants offered to support this contention by affidavit, but, since the case will be transferred anyway, such affidavits are not necessary.

litigation.") (internal citations and quotations omitted). Again, this controversy is entirely local to the Middle District. It would be burdensome to jurors of the Eastern District to try a case in which they have little connection, and unfair to the communities of the Middle District to resolve matters here which entirely arose there.

14. Finally, while a scheduling order has been entered in this matter, I have not expended considerable resources on the matter, and no substantive law has been decided. Accordingly, and in consideration of the above factors, the motion is **GRANTED** and the action is hereby **TRANSFERRED** to the Middle District of Pennsylvania.

                BY THE COURT:

                /s/ L. Felipe Restrepo
                L. Felipe Restrepo
                United States District Court Judge