IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PATTY C. WILSON, *individually* and as administrator of the Estate of *Jerry Wilson, deceased,* | : : : : | CIV. No. 4:14-CV-00771 (Judge Brann) |
| Plaintiff, | : : | |
| v. | : : | |
| TA OPERATING LLC, TRESTON W. HARRIS, MOORE FREIGHT SERVICE, INC., EASTBRIDGE TRAILERS, MANAC, INC., MANAC TRAILERS USA, INC., THE BOLER COMPANY, HENDRICKSON USA, LLC, | : : : : : : : : | |
| Defendants. | : | |

**MEMORANDUM**
January 28, 2015

This case concerns the unfortunate death of a man due to heart failure at the scene of a fire.  Before the court is the Defendants TA Operating LLC and Treston W. Harris' Motion for Summary Judgment (ECF No. 96).  The Court retains jurisdiction pursuant to 28 U.S.C. § 1332.  Venue was transferred to this Court pursuant to 28 U.S.C. § 1404 and § 1406.

The matter has been briefed by the Parties and is ripe for disposition.  In accordance with the following reasoning, the Defendants' Motion for Summary

1

Judgment is granted.

## I.     BACKGROUND

The material facts for the purposes of this motion are not in dispute, and are as follows. On October 17, 2011, Defendant Moore Freight services contracted with Jerry Wilson ("Wilson"), husband of Plaintiff Patty C. Wilson, to haul glass using a Moore Freight trailer. Shortly after 3:00 p.m. that day, Wilson, traveling along Interstate 80 in Pennsylvania, perceived a problem with the left front trailer brake after a trailer tire blew. See Pl.'s Ans. Statement Facts ¶ 4, Jun. 25, 2014, ECF No. 100 [hereinafter Pl.'s SOF]. After glancing in the rear view mirror, Wilson saw smoke emanating from a fire on the left front part of the trailer near the break. Wilson stopped the vehicle, exited, and utilized the vehicle's fire extinguisher to douse the fire emerging from the brake.

He brought the truck to a repair garage approximately two miles from the scene of the incident: the Defendant TA Operating LLC, in Lamar, Clinton County, Pennsylvania. Wilson arrived at the garage at 3:42 p.m., and gave the truck to the mechanics for repair. Pl.'s SOF, ¶ 4. While waiting, Wilson purchased a fire extinguisher to replace the empty one he used on the fire. Several employees of Defendant TA Operating, including Defendant Treston W. Harris, completed the repairs and represented that the trailer was safe to use. Wilson paid for the repairs

at 5:51 p.m. Id. Based on the Defendants'[1] representations that the vehicle was safe, Wilson got back into the trailer and pulled the vehicle back onto Interstate 80 to continue his journey.

After driving a short distance, the left front trailer brake caught fire again. According to the police report, Wilson exited the vehicle and attempted to put out the fire with the new fire extinguisher. When this did not quench the flames, he returned to the vehicle to secure a gallon of water and attempted to use it to put out the fire. As Wilson tried to douse the fire, he perished from a heart affliction that the plaintiff avers was ventricular dysrhythmia. Wilson died at 6:53 p.m. See id.

In the wake of this devastating event, Wilson's estate filed an action against the Defendants. The Defendants now move for summary judgment, alleging that, while Wilson's death was tragic, the Defendants had no duty to prevent this unforeseeable harm.

## II. DISCUSSION

### A. **Summary Judgment Standard**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED.

---

[1] In using the term "Defendants" throughout the opinion, the Court refers collectively to those Defendants that are the subject of this opinion: Defendant TA Operating LLC and Defendant Treston W. Harris.

R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the court considers the parties' arguments, "[t]he evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor."  Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (internal citations omitted).  The moving party may meet this burden by either (1) submitting positive evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  Id. at 331.  In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial or whether judgment as a matter of law is proper.  Anderson, 477 U.S. at 249.

### B.  Negligence

To state a claim for negligence in Pennsylvania, a plaintiff must establish: (1) a duty owed by a defendant; (2) a defendant's breach of that duty; (3) actual

damages; and, (4) a causal connection between the breach and those damages.[2] See, e.g., R.W. v. Manzek, 888 A.2d 740, 746 (Pa. 2005). It is vital to a plaintiff's claim that he demonstrate the defendant owed a particular duty of care. See, e.g., Althaus ex rel. Althus v. Cohen, 756 A.2d 1166, 1168 (Pa. 2000). There can be no negligence claim when there is no duty of care established, even if a defendant's actions were careless, reckless, or inadvertent. Zanine v. Gallagher, 497 A.2d 1332, 1334 (Pa. Super. Ct. 1985). Furthermore, "[t]he existence of a duty is a question of law for the court to decide." Manzek, 888 A.2d at 746.

---

[2] It is this Court's duty to apply the substantive law of Pennsylvania to this issue. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78–80 (1938). As the United States Court of Appeals for the Third Circuit wrote:

> [When there is] no reported decision by the Pennsylvania Supreme court or any other Pennsylvania court addressing the precise issue before it, it [is] the duty of the District Court to predict how the Pennsylvania Supreme Court would interpret [the relevant issue] if presented with this case. See, e.g., Pennsylvania Glass Sand Corp. v. Caterpillar Tractor Co., 652 F.2d 1165, 1167 (3d Cir. 1981). In so doing, a federal court can also give due regard, but not conclusive effect, to the decisional law of lower state courts. See, e.g., Burke v. Maasen, 904 F.2d 178, 182 (3d Cir. 1990). The opinions of intermediate appellate state courts are "not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." West v. AT &T Co., 311 U.S. 223, 237 (1940).

Nationwide Mut. Ins. Co. v. Buffetta, 230 F.3d 634, 637 (3d Cir. 2000).

"The scope of an individual's duty of care extends to those risks that are reasonably foreseeable under the circumstances." Allen v. Fletcher, No. CIV-A 3:07-0722, 2009 WL 1542767, at *3 (M.D. Pa. June 2, 2009) (Caputo, J.) (citing Roche v. Ugly Duckling Car Sales, Inc., 879 A.2d 785, 790 (Pa. Super. Ct. 2005)). "If the harm to plaintiff was not foreseeable, defendant did not breach a duty owed to plaintiff." Id.  Pennsylvania courts have routinely held that a defendant may only be held liable for the harm that a person in his position could have reasonably foreseen.  See, e.g., Roche, 879 A.2d at 790; McPeake v. William T. Cannon, Esquire, P.C., 553 A.2d 439, 442–43 (Pa. Super. Ct. 1988); Zanine, 497 A.2d at 1334–35 (Pa. Super. Ct. 1985); Maffei v. Palina, 16 Pa. D. & C.4th 228, 233–34 (Phila. Ct. Comm. Pl. 1993); Farley v. Sley Sys. Garages, 13 Pa. D. & C.2d 680, 688–89 ( Ct. Comm. Pl., Phila. Cnty. 1958).

For example, in Roche v. Ugly Duckling Car Sales, Inc., 879 A.2d 785 (Pa. Super. Ct. 2005), the Superior Court of Pennsylvania affirmed the trial court's grant of summary judgment holding that, because the scope of a duty of care is limited to those risks which are reasonably foreseeable and the harm suffered by the plaintiff was not foreseeable, the defendants did not breach a duty of care owed to the plaintiff.  The plaintiff, an on-duty police officer, alleged that the defendants, a car dealership and an automobile auction house, breached a duty to him for

negligently maintaining their properties in a way that allowed juveniles to enter their car lot and steal a vehicle that subsequently struck him when he attempted to stop it. See Roche, 879 A.2d at 788. The court found that it was not foreseeable that juveniles would break into the pickup truck containing the keys to all the vehicles for sale, take keys, steal vehicles, drive the vehicles carelessly, and ultimately strike a police officer with a vehicle—thus, the defendants owed no duty to plaintiff. See id. at 795.

Similarly, in McPeake v. William T. Cannon, Esquire, P.C., 553 A.2d 439 (Pa. Super. Ct. 1988), the Pennsylvania Superior Court held that a defendant owed no duty to a plaintiff who killed himself shortly after he was criminally convicted, and whose estate alleged that the suicide was a direct result of legal malpractice committed by the defendant defense attorney. In considering the legal principles underlying the result, the court wrote:

> [A] defendant will not be found to have had a duty that was not a reasonably foreseeable result of the prior negligent conduct. The rationale behind this rule is that it would be unfair to impose a duty upon persons to prevent a harm that they could not foresee or avoid.

Id. at 442. Because the defendant could not foresee the plaintiff's suicide as a result of his alleged legal malpractice, the court affirmed the dismissal of plaintiff's complaint. Id. at 443.

In another case with facts similar to this one, Zanine v. Gallagher, 497 A.2d

7

1332 (Pa. Super. Ct. 1985), the Pennsylvania Superior Court held that a defendant did not owe a duty to plaintiff police officer who suffered a heart attack after the defendant forced him into a high-speed automobile chase. The court reasoned:

> [The defendant's] conduct may have been "negligent", [sic] in the sense that it displayed carelessness, recklessness, or inadvertence, but proof of such conduct does not suffice to establish a cause of action in negligence.
>
> . . .
>
> "Duty, in any given situation is predicated on the relationship existing between the parties at the relevant time . . . ." Morena v. South Hills Health System, 501 Pa. 634, 642, 462 A.2d 680, 684 (1983). . . . The scope of this duty, however, is limited to those risks that are reasonably foreseeable by the actor in the circumstances of the case.
>
> . . .
>
> By speeding away from appellant's squad car, appellee undeniably created a variety of risks to appellant and to others. The law clearly states, however, that appellee may be held liable only for those risks a person in his position could reasonably have foreseen. *We do not believe that the risk that appellant would have a heart attack due to the stress of chasing appellee was such a risk.* See W. Prosser, Law of Torts 146–47 (4th ed. 1971) (characterizing the risk that a driver might have a heart attack while at the wheel as one that would not reasonably be anticipated). Consequently, we find that appellee owed appellant no duty of care in the circumstances of this case.

Id. at 1334 (emphasis added).

Similarly, in Maffei v. Palina, 16 Pa. D. & C.4th 228 (Pa. Ct. Comm. Pl., Phila. Cnty. 1993), the Court of Common Pleas of Philadelphia County,

Pennsylvania held that a defendant criminal suspect could not have foreseen that the plaintiff, an off-duty police officer, would suffer a heart attack after plaintiff pursued defendant in a foot chase following alleged shoplifting at a store. In analyzing the scope of foreseeable risks, that court opined:

> [T]he foreseeable risks include a blackened eye, a broken bone, and strained or sprained muscles, tendons or ligaments. It was unforeseeable that defendant's actions would cause the plaintiff's heart attack.

Maffei, 16 Pa. D. & C.4th at 233. Thus, the court followed the Zanine decision and held that the plaintiff could not establish that the defendant owed him a requisite duty. Id. at 234.

In the case before the court, similar to the cited line of Pennsylvania cases,[3] even if the Defendants were negligent in the ordinary sense, the harm suffered by Wilson was not reasonably foreseeable from the relationship between the Parties. The Defendants did not breach a duty to the Plaintiff that resulted in a foreseeable harm. See, e.g., Roche, 879 A.2d at 790.

---

[3] This line of Pennsylvania cases is in accord with the general principles of Anglo-American tort law, as reflected in the jurisprudence of a variety of other jurisdictions as well. See, e.g., Garrett v. Reuben, No. A 09-1804, 2010 WL 2266401 (Minn. Ct. App. June 8, 2010) (holding that a property owner was not liable for the death of a friend who suffered a heart attack after witnessing the wall of a horse stall fall on another friend on the property); Cornelius v. Am. E&S Ins. Texas, Inc., No. 14-91-00901-CV, 2000 WL 19240, (Tex. App. Jan. 13, 2000) (finding that a defendant owed no duty to a plaintiff who suffered a heart attack following the receipt of a debt collection telephone call); Captutzal v. Lindsay Co., 222 A.2d 513 (N.J. 1966) (finding no duty was owed to a plaintiff who suffered a heart attack after seeing discolored water coming from his faucet).

Assuming that the Defendants were negligent in repairing the truck and trailer Wilson was driving, it may have been reasonably foreseeable that a faulty repair would lead to a breakdown or mechanical failure. It may have been further foreseeable that this breakdown could lead to a collision or a fire. It is still reasonably foreseeable to infer further that Wilson could be harmed in a manner normally resulting from a collision or from a fire, such as broken bones, burns, lacerations, concussions, and other similar traumatic injuries. See, e.g., Maffei, 16 Pa. D. & C.4th at 233. In contrast, however, a heart malfunction leading to death is not a reasonably foreseeable harm resulting from a failure to properly repair a vehicle. See Zanine, 497 A.2d at 1334 ("We do not believe that the risk that appellant would have a heart attack due to . . . stress . . . was such a risk.").

In response to the Defendants' cogent argument that they did not have a duty to prevent this unforeseeable harm, the Plaintiff attempts to assail their legal bulwark with myriad wayward assaults. The Plaintiff erroneously cites to law regarding strict liability product manufacturing issues. See Pl.'s Br. at 31–33. The Plaintiff cites to jury instructions pertaining to a factual cause analysis attempting to obscure the relevant duty analysis. Id. at 37–38. The Plaintiff further conflates the elements by citing to law supporting the

"eggshell skull" principle that one takes the victim as one finds him regarding his susceptibility to injury, without distinguishing that law's applicability only to the damage element, not to the relevant duty element of a negligence claim. See id. 35–37; see also Meyer v. Union R. Co., 865 A.2d 857, 863 (Pa. Super. Ct. 2004). None of these errant assaults breach the wall.

Simply put, the Defendants did not have a duty to prevent the Plaintiff's heart malfunction when they undertook to repair his vehicle. They had a duty to repair his vehicle under a standard of ordinary care, and to prevent reasonably foreseeable harm that could arise from their breach of that duty. Wilson's harm was not foreseeable under the circumstances of this case. See, e.g., Griggs v. BIC Corp., 981 F.2d 1429, 1345 (3d Cir. 1992) (noting that foreseeability is an integral part of determination that duty exists under Pennsylvania negligence law). Thus, the Defendant's did not owe Wilson a duty in which this harm was a reasonably foreseeable consequence of breach.

### III. CONCLUSION

The Court is sympathetic to the Plaintiff under the sad facts of this case. That sympathy, however, does not alter legal realities. The type of injury suffered by Wilson was not a reasonably foreseeable result from a breach of the duty the

11

Defendants owed.  The Defendants did not owe Wilson a duty to prevent this harm based on the relationship between the Parties.  Accordingly, the Defendants' Motion for Summary Judgment is granted.

    An appropriate Order follows.

                                      BY THE COURT:

                                      s/ Matthew W. Brann
                                      Matthew W. Brann
                                      United States District Judge