**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PATTY C. WILSON, Individually and as Administratrix of the Estate of Jerry Wilson, Deceased, | : | No. 4:14-cv-00771 |
| | : | (Judge Brann) |
| Plaintiff, | : | |
| v. | : | |
| TA OPERATING, LLC, and TRESTON WESLEY HARRIS, | : | |
| Defendants. | : | |

**ORDER**

March 24, 2017

**BACKGROUND**:

1. In October 2011, tractor trailer driver Jerry Wilson was traveling along Interstate 80 East in Clinton County, Pennsylvania when his front brakes caught fire.

2. Mr. Wilson extinguished the flames and guided his rig to the nearest service center, TA Operating, LLC, in Lamar.

3. The primary technician who serviced the truck, Treston Wesley Harris, knew about the fire, and after purportedly repairing Mr. Wilson's brakes, sent him on his way.

4. Just minutes later and about fifteen miles east of the repair shop, Mr. Wilson's brakes caught fire once more.

5. In an effort to put out the flames, Mr. Wilson experienced a form of cardiac arrest and died.

6. Plaintiff brought this wrongful death and survival action in February 2013, wherein she requested an award of punitive damages.

7. Defendants later moved for summary judgment on Plaintiff's punitive damages claim.

8. On February 13, 2017, this Court rejected that motion for summary judgment. See ECF No. 168.

9. The Court applied the following standards, as dictated by the law of the Supreme Court of Pennsylvania and federal courts that have interpreted it:

> "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Hutchison ex rel. Hutchison v. Luddy, 582 Pa. 114, 121.

> "The Third Circuit Court of Appeals has explained that, under Pennsylvania law, a principal may be held vicariously liable for punitive damages if the actions of its agent (1) were clearly outrageous, (2) were committed during and within the scope of the agent's duties, and (3) were done with the intent to further the principal's interests." Achey v. Crete Carrier Corp., No. 07-CV-3592, 2009 WL 9083282, at *10 (E.D. Pa. Mar. 30, 2009) (citing Loughman v. Consol–Pennsylvania Coal

> Co., 6 F.3d 88, 101 (3d Cir.1993)). "[T]he standard for both direct and vicarious liability for punitive damages is ordinary outrageousness." Gregory v. Sewell, No. 4:CV-04-2438, 2006 WL 2707405, at *11 (M.D. Pa. Sept. 19, 2006) (Jones, J.).

10. In denying Defendants' motion for summary judgment, I reasoned that, as applied to the facts of the case, the propriety of punitive damages was rightly reserved to the domain of the jury.

11. I made clear that this case is not one involving intentional wrongdoing but rather an apparently high degree of recklessness that may warrant the imposition of punitive damages:

> As far as discovery has revealed, no one intentionally meddled with Mr. Wilson's brakes, hoping that calamity would ensue. No one disputes that. Still, under Hutchison and its progeny, the Plaintiff may nevertheless prevail at this juncture if the Defendants actions or inactions evidence a reckless disregard for Mr. Wilson's safety. This motion thus turns on a singular question: was the Defendants' repair of Mr. Wilson's vehicle reckless?

12. In addition, applying those standards above to the facts of this case, I concluded that the evidence revealed a sufficient factual basis to deny summary judgment. In particular, deposition testimony quoted at length in my decision appears to show that Mr. Harris was inexperienced, unfamiliar with the repair at issue, and largely unsupervised. Those excerpts also suggested that TA Operating was aware of Mr. Harris's inexperience but nevertheless disregarded it.

Accordingly, I determined that factual issues existed that precluded a grant of summary judgment as to the punitive damages claim.

**FINDINGS**:

1. “The purpose of a motion for reconsideration is to correct manifest errors of law or fact, or to present newly discovered evidence.” Harsco v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985) (Rosenn, J.).

2. A court may only grant a motion for reconsideration if the party seeking reconsideration shows: “(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.” Max’s Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).

3. “The standard for granting a motion for reconsideration is a stringent one. . . . [A] mere disagreement with the court does not translate into a clear error of law.” Mpala v. Smith, CIV. 3:CV–06–841, 2007 WL 136750, *2 (M.D.Pa. Jan.16, 2007) (Kosik, J.) aff’d, 241 F. App’x 3 (3d Cir.2007).

4. On the instant motion for reconsideration, Defendants advance two primary arguments. First, that this Court "misappli[ed] . . . nine (9) cases that are factually distinguishable from this case," and second, that I "fail[ed] to apply the standard for imposition of punitive damages based on vicarious liability to the facts of this case." ECF No. 172 at 6.

5. The first argument is wholly without merit, because disagreement with my interpretation of case law is not a proper ground for reconsideration. Reasonable minds can differ—that is the beauty of our common law system of justice. Arguments on reconsideration that "provide no more than a different interpretation of the law" must therefore be rejected. In re Bryan Rd., LLC, 389 B.R. 297, 301 (Bankr. S.D. Fla. 2008). "A divergence of opinion as to the legal implications of a statute and case law, absent a clear and fundamental misconception of law, is not what constitutes a 'mistake' within the meaning of Rule 60(b)(1)." Id.

6. Moreover, it may be a reasonable argument to suggest that a court misapplied a single, consequential decision upon which it relied, but to suggest that a court misapplied nine (9) cases, perhaps all of the cases in that decision, lacks much credence as I see it.

7. The second argument also carries no weight, as this Court applied the proper standards for awarding punitive damages under Pennsylvania law, both as they relate to the individual Defendant and to any Defendants that might be held vicariously liable. To the contrary, it is counsel for Defendants who, in my view, has failed to adequately grapple with the mounting case law in this District that undermines her clients' position on "outrageousness" in the vicarious liability context. See, e.g., Gregory v. Sewell, No. 4:CV-04-2438, 2006 WL 2707405, at *11 (M.D. Pa. Sept. 19, 2006) (Jones, J.) ("The court disagrees and finds that the standard for both direct and vicarious liability for punitive damages is ordinary outrageousness."); Arias v. Decker Transp., No. CIV.A. 3:06-CV-638, 2008 WL 450435, at *4 (M.D. Pa. Feb. 14, 2008) (Caputo, J.) ("Pennsylvania state law provides that punitive damages can be imposed on an employer based entirely on an employee's conduct, even without any direct evidence of misconduct by the employer."); Burke v. TransAm Trucking, Inc., 605 F. Supp. 2d 647 (M.D. Pa. 2009) (Conaboy, J.).

8. I remain of the opinion that the appropriate window for intermediate review in this matter was presented following my decision to grant an earlier motion for reconsideration on the issue of causation, which I

certified for immediate interlocutory review. ECF No. 130. Both parties neglected to appeal that decision to the United States Court of Appeal for the Third Circuit, and that window has long been closed.

**AND NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' Motion for Reconsideration of my February 13, 2017 Memorandum and Order denying summary judgment on the issue of punitive damages, ECF No. 171, is **DENIED**.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge