PATTY C. WILSON, Individually and   :      No. 4:14-cv-00771
as Administratrix of the Estate of     :
Jerry Wilson, Deceased,                :      (Judge Brann)
                                   :

            Plaintiff,            :

       v.                         :

TA OPERATING, LLC, and        :
TRESTON WESLEY HARRIS,     :
                                   :
          Defendants.       :

**MEMORANDUM**

**May 3, 2017**

## I.     BACKGROUND

This wrongful death and survival action was settled in whole on April 11, 2017. It was initiated on February 23, 2013 by Plaintiff Patty Wilson, the surviving spouse of the decedent, Jerry Wilson. Ms. Wilson is the administratrix of her deceased husband's estate, and counsel for Plaintiff indicates that she is the sole beneficiary of the wrongful death and survival actions.

The gross settlement amount is [redacted].[1] ECF No. 183 at ¶ 6. Counsel for Plaintiff proposes that the settlement funds be distributed 90% toward the wrongful

---

[1]    The instant settlement was effected pursuant to a confidentiality agreement between the parties. Nevertheless, the Court recognizes the public's well-established right of access to judicial proceedings, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 780–81 (3d Cir. 1994)

death claim and 10% toward the survival action, with counsel retaining [redacted] (or 36.67%) in fees. *Id.* at ¶¶ 11, 13. On May 1, 2017, Counsel for Plaintiff moved this Court for approval of these settlement details, pursuant to Pennsylvania Rule of Civil Procedure 2206. That Rule states, in pertinent part, as follows:

> (b)(1) When as the result of a verdict, judgment, compromise, settlement or otherwise it has been determined that a sum of money is due the plaintiff in an action for wrongful death, the court, upon petition of any party in interest, shall make an order designating the persons entitled to share in the damages recovered and the proportionate share of the net proceeds to which each is entitled.

I will speak here to two issues raised by Rule 2206: (1) the propriety of the wrongful death/survival apportionment; and (2) the reasonableness of the requested fee distribution. I take no issue with either in this case.

## II.    LAW

"Although, in this case, jurisdiction is predicated upon the presence of a federal question, the court will apply Pennsylvania substantive law because the settlement of a lawsuit and the relationship between an attorney and his or her client are areas traditionally governed by state law and there is no conflicting federal interest." *Mowrer v. Warner-Lambert Co.*, No. CIV.A.98-2908, 2000 WL

---

(Cowen, J.) ("We have previously recognized a right of access to judicial proceedings and judicial records, and this right of access is 'beyond dispute.'"), and also believes that the legal analysis contained herein may be valuable to future inquiries. Accordingly, all references to the dollar-amount settlement (which played no role in my legal analysis) have been redacted, so that this decision may be published to the public rather than filed entirely under seal.

974394, at *5 (E.D. Pa. July 14, 2000) (Robreno, J.) *See also Coleman v. United States*, No. CIV.A. 04-3994, 2005 WL 2230319, at *1 (E.D. Pa. Sept. 13, 2005).

"Under Pennsylvania law, a wrongful death action is brought by a decedent's relatives on their own behalf to recover damages for pecuniary loss suffered by the loss of decedent's future contributions." *Coleman*, 2005 WL at *1. On the other hand, "[a] survival action is brought on behalf of decedent for pain and suffering and loss of income suffered before death." *Id.*

"Pennsylvania prioritizes wrongful death claims over survival claims in order to put the needs of the decedent's dependents over the estate beneficiaries." *Coleman*, 2005 WL 2230319, at *1. *See also Krause v. B & O Railroad*, Pa. D & C.3d 458, 471 (C.P. 1983) (recognizing "the natural preference for compensation for needy dependents for loss over windfall inheritances.").

## III.  ANALYSIS

### A.  The 90%–10% distribution between the wrongful death claim and the survival action, respectively, is approved.

Here, counsel for Plaintiff avers that Ms. Wilson is the sole beneficiary of both the wrongful death and survival actions. ECF No. 183 at ¶¶ 16–17. As such and based upon counsel for Plaintiff's representations, the Court need not concern itself with the appropriate apportionment among several dependents or between a surviving spouse and the decedent's issue. *Cf. Stecyk v. Bell Helicopter Textron, Inc.*, 53 F. Supp. 2d 794, 800 (E.D. Pa. 1999) (modifying a settlement in

consideration of "the best interest of the minor child" and the fact that "a surviving spouse is not entitled to a credit from the proceeds of a wrongful death action for past support of a minor child"). Finally, at this time, the Court is also unaware of any objection to the proposed distribution. Therefore, the proposed 90%–10% distribution is approved.

**B.      The 36.67% contingency fee arrangement is also approved.**

Second, counsel for Plaintiff seeks approval of a 36.67% contingency fee. "The Supreme Court has crafted a definition of the term 'reasonable attorney's fees' that transcends various species of litigation, simply by requiring a presiding judge to 'contemplate[ ] reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less.'" *Keister v. PPL Corp.*, --- F. Supp.3d ---, No. 4:13-CV-00118, 2016 WL 688031, at *6 (M.D. Pa. Feb. 19, 2016) (Brann, J.), aff'd, No. 16-1552, 2017 WL 383366 (3d Cir. Jan. 27, 2017) (quoting *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989)). In determining the reasonableness of a fee, the Court should consider "the attorney's experience, the complexity of the litigation, and the quality of the submitted work product." *Keister*, 2016 WL 688031, at *5 (citing *Beattie v. Line Mountain Sch. Dist.*, No. 4:13-CV-02655, 2014 WL 3400975 (M.D. Pa. July 10, 2014) (Brann, J.)).

First, I note that, in my view, the fee arrangement of 36.67% enjoys a presumption of reasonableness that has not been rebutted. *See, e.g.*, *Lohman v. Borough*, No. 3:05-CV-1423, 2008 WL 2951070, at \*12 (M.D. Pa. July 30, 2008), *aff'd sub nom. Lohman v. Duryea Borough*, 574 F.3d 163 (3d Cir. 2009) (Caputo, J.) ("[C]ontingent fee agreements often call for approximately thirty-three percent."); *Bredbenner v. Liberty Travel, Inc.*, No. CIV.A. 09-1248 MF, 2011 WL 1344745, at \*21 (D.N.J. Apr. 8, 2011) ("The percentage award in this case [33%] is also consistent with prevailing contingent fee rates in non-class action cases."); *In re Lucent Techs., Inc., Sec. Litig.*, 327 F. Supp. 2d 426, 442 (D.N.J. 2004) ("If this were a non-class action case, the customary contingent fee would likely range between 30% and 40% of the recovery."); *In re Cendant Corp. Litig.*, 264 F.3d 201, 220 (3d Cir. 2001) (Becker, C.J.) ("[C]ourts should afford a presumption of reasonableness to fee requests submitted pursuant to an agreement between a properly-selected lead plaintiff and properly-selected lead counsel.").

Second, I note that the requested fee is independently supported by the complex legal issues and significant factual discovery that this case entailed. In particular, this case involved detailed briefing and oral argument on "difficult legal issues . . . of both the duty and causation analyses in a negligence claim under Pennsylvania law." *See Wilson v. Moore Freightservice, Inc.*, No. 4:14-CV-00771, 2015 WL 1345261, at \*2 (M.D. Pa. Mar. 25, 2015). It also entailed construction of

a thorough factual record that included information about employment timelines, organizational structure, and training decisions.

For those reasons, the proposed fee agreement is also approved.

**C.     The relevant tax consequences are not the province of this Court.**

On a separate note, counsel for Plaintiff avers that Ms. Wilson is not subject to Pennsylvania tax. I make no endorsement of that proposition. The tax implications associated with the collection of Ms. Wilson's are for Plaintiff to determine. Counsel for Plaintiff included an email correspondence from the Pennsylvania Department of Revenue indicating that Ms. Wilson's recovery is an intangible asset of a non-resident and therefore not subject to tax. ECF No. 183 Ex. 1 at 4. To the extent that such a correspondence was meant to show that Plaintiff's counsel had a reasonable basis to avoid requesting approval of the settlement details by that Department, I agree that such correspondence provides a good faith reason to bypass such a request.

**IV.     CONCLUSION**

Consistent with the foregoing discussion, the proposed distributions and fee arrangement are approved.

BY THE COURT:


s/ Matthew W. Brann
Matthew W. Brann
United States District Judge